UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMEL ROBINSON,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　　Case No. 18-cv-847-pp

RONALD MALONE,

        Respondent.

---

**ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE**

---

On June 4, 2018, Jermel Robinson, who is representing himself, filed a petition for *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. This order denies the petitioner's motion to proceed without prepaying the $5.00 filing fee, and screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. The petitioner does not challenge his conviction; he alleges only that he "was denied 84 days of credit" to which he was entitled under Wisconsin law. Id. at 2. Because the petitioner has failed to state a cognizable constitutional claim and has failed to exhaust his remedies in state court, the court will deny the petition.

**I.  Background**

The defendant's petition states that authorities arrested him on January 5, 2011, and that he eventually plead no contest to criminal damage to an ATM

1

in Waukesha County Circuit Court. Dkt. No. 1 at 4. On November 28, 2011, the state-court judge sentenced him to serve eighteen months in custody, followed by eighteen months of extended supervision. Id. at 1.

The petitioner says that he filed a direct appeal of the conviction, but describes that appeal as a motion for sentence credit under Wis. Stat. §973.55. Id. at 2. A review of the docket, available on the Wisconsin Circuit Court Access Program, shows that the petitioner filed several post-conviction motions for sentence credit and for an amended judgment of conviction—one in 2012 and three in 2018. State v. Robinson, Case No. 2010CF001331 (Waukesha County Circuit Court), located at https://wcca.wiscourts.gov. The petitioner admits that he did not seek further review by the Wisconsin Supreme Court. Dkt. No. 1 at 2.

## II.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

The petitioner asked the court to allow him to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. His trust account statement, however, shows that he has had anywhere from $12.54 at the low level to $70.69 at the upper level in his trust account during the couple of months prior to the date on which he filed his petition. Dkt. No. 3. It is not clear why the petitioner cannot pay the $5.00 filing fee. The court will deny his motion, and order him to pay the fee.

## III.    Rule 4 Screening

### A.     Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody because of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an

3

unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.     The Petition

The petitioner alleges one ground for relief: that the Waukesha County Circuit Court failed to properly apply Wisconsin law when sentencing him. Dkt. No. 1 at 6. At the petitioner's sentencing, the trial court gave him 244 days of credit toward his sentence for time already spent in custody, but the petitioner argues that the state should have credited him with an additional eighty-four days under Wis. Stat. §973.55. Id.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions;" federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-78 (1991). "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 765 (1990). See also Weiss v. Bartow, Case No. 17-C-874, 2018 WL 2208318, at *3 (E.D. Wis. May 14, 2018) (noting that the petitioner's claim that he was owed sentence credit under Wis. Stat. §973.155 would be a claim arising from

4

state law and that the petitioner "[was] not entitled to federal habeas relief for violations of state law.").

Here, the petitioner has not alleged that the state-court judge violated federal law, or violated his rights under the federal Constitution. He alleges only that the judge violated *Wisconsin* law—state law. This is not a claim that a federal court can consider under §2254.

Even if the petitioner had stated a violation of federal law or a federal Constitutional violation, the petitioner admits that he did not pursue his claim in the Wisconsin Supreme Court. This means that even if he had a cognizable federal claim, he has not exhausted his state remedies for that claim. O'Sullivan, 526 U.S. at 845; Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006).

For these reasons, the court must deny the petition.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that whenever a district court enters a final order against the petitioner, it either must issue or deny a certificate of appealability. A district judge may issue a certificate of appealability only when a petitioner has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and when "[j]urists of reason could . . . disagree" as to whether the court wrongly decided the issue, Walton v. Schwochert, Case No. 10-cv-117, 2010 WL 4318887 at *2 (E.D. Wis. October 25, 2010). The petitioner has not made a substantial showing of the denial of a constitutional right, and even if he had, he has failed to exhaust the remedies available to him

5

in state courts; reasonable jurists could not disagree about either of these conclusions. The court declines to issue a certificate of appealability.

### III. Conclusion

The court **DENIES** the petitioner's motion to proceed without prepaying the $5.00 *habeas* filing fee. Dkt. No. 2.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the **$5.00** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall identify the payments by the case name and number.

The court will send a copy of this order to the Milwaukee Secure Detention Facility.

The court **DISMISSES** the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Dkt. No. 1.

The court **DENIES** a certificate of appealability. The court **ORDERS** that the case is **DISMISSED**, and directs the clerk of court to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 6th day of July, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**